IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARY GEORGE, *et al.*,

                                        PLAINTIFFS,

v.                                                    C.A. No. 93-257-CIV-
                                                            ORL-18
CITY OF COCOA, FLORIDA, *et al.*

                                        DEFENDANTS.

CONSENT DECREE

I. Introduction

This Voting Rights case was filed on April 12, 1993, alleging that the at-large method of electing members of the Cocoa City Council (the "Council") diluted African American voting strength in violation of Section 2 of the Voting Rights Act, 42 U.S.C. 1973. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1343. This Consent Decree is being effectuated pursuant to a settlement agreement of the parties to this action.

The plaintiffs in this action are African American residents and registered voters of Cocoa, Florida. They allege that the use of an at-large system of electing the Cocoa City Council featuring numbered posts and staggered terms violates the Voting Rights Act in that it denies African Americans an equal opportunity to participate in the political process and to elect their candidates of choice.

The defendants are officers or agents of the City of Cocoa who are charged with the responsibility of creating the method of

election for the Council and administering the election of the Council.

Consistent with all of the foregoing, and the court being fully apprised, it is ORDERED, ADJUDGED and DECREED as follows:

## II. General

A.   <u>Purpose</u>.   The purpose of this Decree is to provide minority voters equal access to the political processes for electing members of the Cocoa City Council and to enhance the political participation and awareness of all citizens.

B.   <u>Voting Rights</u>. Voting is a right inherent in citizenship in the City of Cocoa and in the United States.   Defendants, including their officers, agents, employees, successors in office, and all those acting in concert with them or at their direction or control, shall not engage in any practice or implement any policy unlawfully encumbering the franchise of any Cocoa citizen eligible to vote under the Constitution and laws of the United States.

## III. Adoption of 4/1 Electoral System

At its regularly scheduled meeting on November 9, 1993, the Cocoa City Council passed a motion approving the adoption of an electoral scheme for the Cocoa City Council whereby four members of the Council are to be elected from single member districts

(hereinafter, sometimes referred to as "seat") with the mayor elected at-large. The five positions on the Cocoa City Council shall be designated as follows: a. Mayor (At-Large); b. Cocoa City Council District 1; c. Cocoa City Council District 2; d. Cocoa City Council District 3; e. Cocoa City Council District 4. The motion specifically authorized the Cocoa City Attorneys Office to offer a combination district/at-large plan to plaintiffs as a settlement offer.

The Cocoa City Council passed a motion adopting a Cocoa City Council districting plan (the "Settlement Plan") at its regularly scheduled meeting on May 10, 1994. The Settlement Plan provides as follows:

> 1. District 1 is comprised of a total population of 4,300 persons, with an African American voting age population of 2,019 (69.72%), for the election of one Cocoa City Councilmember. *See* Attachment 1.

> 2. District 2 is comprised of a total population of 4,296 persons, with a white voting age population of 2,405 (77.71%), for the election of one Cocoa City Councilmember. *See* Attachment 1.

> 3. District 3 is comprised of a total population of 4,594 persons, with a white voting age population of 3,123 (91.10%), for the election of one Cocoa City Councilmember. *See* Attachment 1.

> 4. District 4 is comprised of a total population of 4,513 persons, with a white voting age population of 3,262 (92.64%), for the election of one Cocoa City Councilmember. *See* Attachment 1.

The parties to this Decree agree that the Cocoa City Council districts in the Settlement Plan, which is created in compliance with Section 2 of the Voting Rights Act, are geographically compact, have not been crafted solely on the basis of race, and

therefore, do not violate the United States Supreme Court's decision in *Shaw v. Reno*, 509 U.S. ____, 113 S. Ct. 2816 (1993).

Candidates running for positions from single member districts must be residents of the district from which they run for one year prior to the date of the election, and shall be voted for and elected solely by voters of that district. Councilmembers shall serve three-year terms. In accordance with Article XVII, Section 4 of the Cocoa City Charter, all candidates running for the Council may win by garnering a plurality of the vote; and in case of a tie vote, a special runoff election shall be held no later than 15 days following the initial election.

Article XVII, Section 1 of the Cocoa City Charter is hereby amended to provide that candidate qualifying statements shall be substantially in the following form:

> I am a candidate for (mayor/council district __) in the election of (date of scheduled election) and I agree to serve if I am elected. I reside at (address of candidate) and represent that my residence is located in Council District __ and that I am a qualified voter in the State of Florida, have resided in the City of Cocoa, or in area which has been annexed by the City of Cocoa and have lived at such address for at least one year immediately preceding my qualifying herein.

(Signature of Candidate)

## IV. Implementation

The incumbent Council members shall declare their intent to be assigned to and represent the Cocoa City Council districts in the Settlement Plan as follows:

Mayor (At-Large)                    Lester Campbell

Cocoa City Council District 1          Rudolph Stone
Cocoa City Council District 2          Ray DeBord
Cocoa City Council District 3          John Lee Blubaugh
Cocoa City Council District 4          Dave Salisbury

The at-large election of the Cocoa City Council, featuring the numbered-post system described in Article XVII, Section 3 of the Cocoa City Charter, is hereby declared invalid by the terms of this Decree. Accordingly, consistent with Section III of this Decree, Article XVII, Section 3 is amended to provide that four members of the Cocoa City Council shall be elected from single member districts and the mayor shall be elected at-large. All candidates for the Council shall qualify for a single seat. For each such seat, the names of the candidates shall be shown and listed on the election ballot in alphabetical order of their surnames. In addition to casting one vote for the position of Mayor, each voter shall cast one vote for candidates running from a council district and, in accordance with Section III of this Decree, such candidates shall be voted for and elected solely by voters residing in the district.

The expiration of each council member's term shall remain unchanged from Article III, Section 10 of the Cocoa City Charter. Accordingly, the election to fill the position of Mayor shall be held in November, 1994. Elections for Districts 2 and 4 shall be held in November, 1995. Elections for Districts 1 and 3 shall be held in November, 1996. Beginning in 1994, elections for the Cocoa City Council shall be conducted pursuant to the Settlement Plan.

If a vacancy occurs in any district prior to 1996, such vacancy shall be filled pursuant to the Settlement Plan. Vacancies

5

for a city council district seat may only be filled by persons who otherwise would qualify for election to the seat pursuant to the terms of this Decree and the Cocoa City Charter. Vacancies for the position of Mayor are to be filled pursuant to the Cocoa City Charter. In the event vacancies should occur which would lead to the invocation of Article III, Section 10(d) of the Cocoa City Charter, such vacancies are to be filled pursuant to Article III, Section 10(d), except that if the Cocoa City Charter conflicts with any provision of this Decree, the Decree shall be the controlling law.

## V. Redistricting:

After the next decennial census (in the year 2000), the boundaries of the divisions created herein may be adjusted to account for shifts or growth in population. However, any redistricting must provide an equal opportunity to African Americans to participate in the political process and elect their candidates of choice in accord with the Voting Rights Act. The Court will retain jurisdiction of this case as indicated below at Section XI of this Decree to insure that any redistricting is in strict compliance with the Voting Rights Act.

## VI.  Attorneys Fees, Costs and Expenses

The plaintiffs are prevailing parties within the meaning of

the federal attorney fees statute, 42 U.S.C. 1988 and 42 U.S.C. 1973(1). Accordingly, the defendant City of Cocoa agrees to pay to plaintiffs' counsel NAACP Legal Defense and Educational Fund, Inc. and Florida Rural Legal Services, Inc. reasonable costs and attorneys fees in the total amount of $49,750.00. Of the total amount, plaintiffs' counsel NAACP Legal Defense and Educational Fund, Inc. shall receive $29,135.24, which includes total costs in the amount of $4,845.24 and attorneys fees for Gailon McGowen (122.8 hours @ $175/hr. & 18 hours of travel @ $87.50/hr.) and Sherrilyn Ifill (3 hours @ $175/hr. and 8 hours of travel @ $87.50/hr.) in the amount of $24,290. Plaintiffs' counsel Florida Rural Legal Services, Inc. shall receive $20,614.76, which includes total costs in the amount of $1,366.01 and attorneys fees for Cristina Correia (99.45 hours @ $150/hr. and 57.75 hours of travel @ $75/hr.) in the amount of $19,248.75. Defendant City of Cocoa agrees that the total monetary sums for costs and attorneys fees are reasonable pursuant to applicable law and are payable within 30 days after the execution of this Decree or they shall draw interest as provided by applicable law.

Neither the absence from this decree of any stated legal basis for relief asserted in the Complaint or the plaintiffs' other submissions, nor the absence of any kind of relief or measure of relief, reflects upon the plaintiffs' degree of success in this action. This paragraph is designed to address the omission from this decree of a complete removal of the at-large system, it being the intention of the parties that omission of such relief shall

7

have no bearing on the matter of attorneys' fees.

## VII.  Release

Full payment by defendants of all attorneys' fees, costs and disbursements as may be required or ordered from time to time under this decree shall constitute a full release for said sums by all named plaintiffs in this action with respect to defendants. Nothing contained in this decree, however, shall be construed as a release or waiver by any named plaintiffs of costs, disbursements and reasonable attorneys' fees wherever provided for in this decree for the enforcement of the terms of this decree, or as otherwise provided by law.

## VIII.  Non-Retaliation

Defendants shall not retaliate against any person for having participated in any way in this litigation; for having opposed any practice made unlawful by the Voting Rights Act or other laws of the United States, City of Cocoa or County of Brevard; for having aided, assisted or cooperated with plaintiffs or their counsel; for having reported any alleged violation of law or of this decree; or for having assisted any other person in so doing.  This paragraph shall not be interpreted to limit any party's participation in any political campaign or campaign process.

## IX.  Compliance and Reporting

Counsel for the parties agree to confer with each other in good faith on the terms and purposes of this Decree or on any modification of this Decree as the necessity arises in advance of petitioning the Court for relief from or modification of this Decree.

## X. Other Laws in Force

All other statutes and laws governing the conduct of Cocoa City Council elections shall be applicable to such elections so long as they are consistent with, and do not interfere with or obstruct, this Consent Decree.

## XI. Jurisdiction

The Court shall retain active jurisdiction of this Action to supervise performance of the terms of this Decree, and to grant such supplemental or corrective relief as may be necessary or appropriate.  However, the parties shall endeavor to resolve any differences arising under this Decree themselves before applying to this Court.

## XII. Order Approving Consent Decree

The Court, having fully examined the provisions of this Decree, finds that the entire settlement is reasonable, just and in accord with the Congressional purpose in enacting Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973 *et seq.* Further, the Court finds that the rights and interest of the parties under law are fully protected by this Decree. Therefore, the Court approves this settlement and compromise of this action.

IT IS ORDERED THIS 27 DAY OF _____, 1999.

_____
United States District Judge

Consented To:

_____
RICHARD S. AMARI
BRADLEY R. BETTIN, SR.
Florida Bar # 369403
Amari, Theriac, Eisenmenger
 & Woodman, P.A.
Mariner Square, Suite 302
96 Willard Street
Cocoa, Florida  32922
(407) 639-1320

_____
CRISTINA CORREIA
Florida Bar # 870005
Florida Rural Legal
 Services, Inc.
5700 Lake Worth Rd.
Suite 212
Lake Worth, Florida 33463
(407) 968-4427


ELAINE R. JONES
THEODORE M. SHAW
CLYDE MURPHY
NAACP Legal Defense and
 Educational Fund, Inc.
99 Hudson Street
16th Floor
New York, New York 10013
(212) 219-1900

10

# ADDITIONAL

# ATTACHMENTS

# <u>NOT</u>

# SCANNED

_____   Exceeds scanner's page limit
_____   Physical exhibit prevents scanning
_____   Other:_____

# **REFER TO COURT FILE**

Revised 8/11/99